# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

| | |
|---|---|
| LARRY D. JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 19-cv-2861-TLP-tmp |
| | ) |
| AIR SERVICE/ABM, | ) |
| | ) |
|     Defendant. | ) |

_____

## REPORT AND RECOMMENDATION
_____

Before the court is a motion to dismiss filed by defendant ABM Aviation, Inc. ("ABM")[1] on February 4, 2020.[2] (ECF No. 9.) After the court entered an order to show cause, *pro se* plaintiff Larry D. Jones filed a response on March 16, 2020. (ECF Nos. 10 & 11.) ABM filed a reply on March 20, 2020. (ECF No. 12.) For the reasons stated below, it is recommended that ABM's motion to dismiss be granted.

## I.    PROPOSED FINDINGS OF FACT

_____

[1]While the complaint names "Air Service/ABM" as the defendant, the proper title of the employing entity is ABM Aviation, Inc., according to defendant's response brief. (ECF No. 9-1, at 1.)

[2]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation, as appropriate.

Plaintiff Larry D. Jones filed a *pro se* Title VII complaint against Air Service/ABM on December 12, 2019. (ECF No. 1.) Using a form provided by the Clerk's office to assist *pro se* litigants asserting employment discrimination claims, Jones checked boxes alleging unequal terms and conditions of his employment, retaliation, and harassment. (Id. at 3.) Jones alleged that ABM, which employed Jones as a bus driver, discriminated against him on the basis of race, color, and sex. (Id. at 4.) Jones alleges he received his notice of right to sue for sex discrimination on September 12, 2019. (Id. at 5.)

Jones's complaint includes numerous attachments, including three EEOC charges, a right to sue notice, position statements from ABM, and documents from Jones's personnel file. The attachments, which detail a history of disputes between Jones and his supervisors, include allegations that Jones lost wages when ABM removed him from the "Special Needs Run" bus route on November 30, 2018. (ECF No. 1-16, at 4.) In the EEOC charge dated December 4, 2018, Jones alleges sex-based discrimination and harassment by a supervisor and a dispatcher at ABM. (ECF No. 1-1, at 4.) Jones alleges that he complained to a manager at ABM and "nothing was done." (Id.) Jones received a right to sue letter for this charge (Charge No. 490-2018-03187) on September 12, 2019. (Id. at 1.) No other right to sue letters were attached to Jones's complaint.

According to the EEOC charge dated December 21, 2018, Jones began to experience retaliation and unequal terms and conditions of his employment after filing the December 4, 2018 EEOC charge. (Id. at 3.) Jones alleges that he received "a bogus write up for a customer complaint" and "was informed that [he] could no longer wait in the breakroom or [his] car pending the end of the shift," although other employees were allowed to do so. (Id.)

According to the EEOC charge dated October 7, 2019, Jones experienced sex-based discrimination and harassment when two female supervisors took pictures of him entering and exiting the bathroom. (Id. at 5.) Jones states that he filed a complaint with the manager of human resources at ABM and "nothing was done." (Id.) According to Jones, one of the female supervisors took a picture of him exiting the bathroom on October 2, 2019. (Id.) Jones asserts that this constitutes both sex-based discrimination and sexual harassment. (Id.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  Standard of Review

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

Although courts construe *pro se* arguments liberally, "[t]he basic pleading essentials are not abrogated in *pro se* cases." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *3 (W.D. Tenn. July 3, 2014) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to *pro se* litigants has limits."). In other words, even *pro se* complaints must satisfy the plausibility standard. See Barnett, 414 F. App'x at 786. "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews, 2014 WL 3049906, at *3 (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim for him." Id. (quoting Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003)).

**B.   Exhaustion of Administrative Remedies**

ABM initially argues in its motion to dismiss that the court lacks subject matter jurisdiction because Jones did not submit right to sue notices for his claims unrelated to sex-based discrimination. (ECF No. 9, at 1.) As a preliminary matter, the Supreme Court has recently held that the EEOC charge-filing requirement is not jurisdictional but rather constitutes "a procedural prescription mandatory if timely raised, but subject to forfeiture if tardily asserted[.]" Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1846 (2019). Because ABM has raised the charge-filing issue, the court will address the exhaustion of administrative remedies.

In order to meet the charge-filing requirement of Title VII, "the claimant must explicitly file the claim in the EEOC charge, or the claim must reasonably be expected to grow out of the EEOC charge." George v. Youngstown State Univ., No. 4:17CV2322, 2019 WL 118601, at *5 (N.D. Ohio, Jan. 7, 2019) (citing Weigel v. Baptist Hosp. of East Tennessee, 302 F.3d 367, 379 (6th Cir. 2002)); see also Russ v. Memphis Light Gas & Water, 720 F. App'x 229, 238 (6th Cir. 2017) ("Only claims that are included in the charge or are 'reasonably related to or grow out of the factual allegations in the EEOC charge' may be heard in federal court.") (quoting Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361-62 (6th Cir. 2010)).

As stated above, Jones attached three EEOC charges to his complaint but included only one right to sue letter. (ECF No. 1-1, at 1-5.) The EEOC charges Jones provided contain no reference to race or color discrimination. (ECF No. 1-1, at 3-5.) "[C]laims of race and color discrimination are not reasonably related to or expected to grow out of factual allegations in the EEOC charge involving sex[-based] discrimination." Smith v. Fed. Express Corp., 2019 U.S. Dist. LEXIS 115488, at *4-5 (W.D. Tenn. June 20, 2019). Accordingly, Jones failed to exhaust his administrative remedies for his race and color discrimination claims, and those claims should be dismissed. See Green v. Memphis Light, Gas & Water, No. 18-cv-02269-JTF-tmp, 2018 U.S. Dist. LEXIS 142736, at *6-7 (W.D. Tenn. July 24, 2018) (no exhaustion of administrative remedies for color discrimination claim where claim was not alleged in EEOC charge and was not reasonably related or expected to grow out of the factual allegations); Payne v. Lucite Int'l, No. 13-2948-STA-tmp, 2014 U.S. Dist. LEXIS 84747, at *7-8 (W.D. Tenn. June 23, 2014) (no exhaustion of administrative remedies for color discrimination claim where only race discrimination claim was factually alleged in the EEOC charge); see also Cooper v. Jackson-Madison Cty. Gen. Hosp. Dist., 742 F. Supp. 2d 941, 950 (W.D. Tenn. 2010) (no exhaustion of administrative remedies for sex discrimination claim where sex discrimination box was not checked in EEOC charge and not asserted in factual allegations).

Furthermore, because the complaint contains no allegations of any discrimination based on Jones's race or color, the complaint fails to state a claim for race or color discrimination. <u>See</u> <u>Young v. FedEx Emples. Credit Ass'n</u>, No. 19-cv-2313-TLP-tmp, 2019 U.S. Dist. LEXIS 181801, at *9-10 (W.D. Tenn. Sept. 17, 2019) (citations omitted); <u>see also</u> <u>Hood v. City of Memphis Pub. Works Div.</u>, No. 17-2869, 2018 U.S. Dist. LEXIS 17622, 2018 WL 2387102, at *3 (W.D. Tenn. Jan. 8, 2018). Accordingly, Jones's claims for race and color discrimination fail to survive the Rule 12(b)(6) standard and should be dismissed for this additional reason.

ABM additionally argues that Jones has not exhausted administrative remedies for his retaliation claim because the only right to sue letter attached to the complaint pertains to Jones's earliest EEOC charge, which does not contain any allegations of retaliation. (ECF No. 9-1, at 6.) "Retaliation claims are typically excepted from the filing requirement because they usually arise after the EEOC charge is filed." <u>Spengler v. Worthington Cylinders</u>, 615 F.3d 481, 489 n.3 (6th Cir. 2010) (citing <u>Abeita v. TransAmerica Mailings, Inc.</u>, 159 F.3d 246, 254 (6th Cir. 1998)). "However, this exception 'does not apply to retaliation claims based on conduct that occurred before the EEOC charge was filed.'" <u>Id.</u> (quoting <u>Abeita</u>, 159 F.3d at 254). Accordingly, any claims of retaliation based on conduct arising before Jones filed his first EEOC charge should be dismissed for failure to exhaust. For

example, in an attachment to the complaint, Jones alleges that he lost wages when ABM removed him from the Special Needs Run on November 30, 2018. (ECF No. 1-16, at 4.) Because this conduct occurred before Jones filed his first EEOC charge on December 4, 2018, it is subject to the charge-filing exhaustion requirement. See Spengler, 615 F.3d at 489 n.3. Because Jones did not include this retaliation claim in his EEOC charge, and because the charge did not include any specific factual allegations that would give rise to such a claim, any retaliation claim based on conduct arising before Jones filed his December 4, 2018 EEOC charge should be dismissed for failure to exhaust.

As for the retaliation claims asserted in the EEOC charges filed on December 21, 2018 and October 7, 2019, Jones has not provided right to sue letters for these charges. A plaintiff seeking to assert a Title VII retaliation claim "must perform two administrative prerequisites: (1) file timely charges of employment discrimination with the EEOC, and (2) receive and act upon the EEOC's statutory notice of the right to sue." Kyle-Eiland v. Neff, 408 F. App'x 933, 939 (6th Cir. 2011) (quoting Brown v. City of Cleveland, 294 F. App'x 226, 233 (6th Cir. 2008)). Because Jones has not satisfied the latter requirement, it is recommended that his remaining retaliation claims be dismissed.

**C.  Untimely Filing**

As to the remaining discrimination claims, ABM asserts that the court should dismiss the complaint because Jones did not file suit until ninety-one days after receiving the EEOC's right to sue letter. (ECF No. 9-1, at 6.) Under 42 U.S.C. § 2000e-5(f)(1), plaintiffs must file their Title VII complaints within ninety days of receiving the EEOC's right to sue letter. Federal Courts strictly enforce the 90-day statutory limit for Title VII claims. Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000); see also Lawson v. Teleflex Med., No. 18-2838-JTF-tmp, 2019 WL 3422105, 2019 U.S. Dist. LEXIS 96754, at *2 (W.D. Tenn. April 22, 2019). "Title VII's ninety day period applies to *pro se* plaintiffs, and even one day's delay is fatal to a claim." Lawson, 2019 U.S. Dist. LEXIS 96754, at *2 (quoting Williams v. Sears, Roebuck & Co., 143 F. Supp. 2d 941, 945 (W.D. Tenn. 2001)); see also Peterson v. Hopson, No. 17-2891-JPM-dkv, 2018 U.S. Dist. LEXIS 158058, at *5-6 (W.D. Tenn. Aug. 24, 2018) (dismissing *pro se* plaintiff's Title VII claims where ninety-day period had expired); Spurlock v. Synthes (USA), No. 12-2947-SHM-tmp, 2013 WL 4739703, at *6 (W.D. Tenn. Sept. 3, 2013) (same). "Where, as here, a defendant raises a statute of limitations defense, dismissal is proper under Rule 12(b)(6) if it is apparent from the face of the complaint that the statute of limitations has run." Lawson, 2019 U.S. Dist. LEXIS 96754, at *2-3 (quoting Spurlock, 2013 WL 4739703, at *4).

Here, Jones alleges in his complaint that he received the EEOC's right to sue letter on September 12, 2019.[3] (ECF No. 1, at 5.) Accordingly, Jones had until December 11, 2019, to file his complaint. Jones filed suit on December 12, 2019. (ECF No. 1.) As stated above, "even one day's delay is fatal to a claim." Lawson, 2019 U.S. Dist. LEXIS 96754, at *2. Accordingly, it is recommended that Jones's claim of sex discrimination be dismissed as untimely.[4]

## D. Sex Discrimination

Even if timely filed, the complaint would nevertheless fail to state a claim for sex discrimination. To state a claim for employment discrimination under Title VII, a plaintiff must plausibly allege: "(1) that he is a member of a protected class; (2) that he was qualified for the job; (3) that he experienced an adverse employment action; and (4) that he was replaced by someone outside of the protected class or was treated differently than similarly situated employees outside the protected class." Burse

---

[3]While the complaint lists September 12, 2019, as the date Jones received the EEOC right to sue letter, the letter itself, which Jones attached to the complaint lists September 12, 2019, as the date it was mailed. (ECF No. 1-1, at 1.) However, at the Rule 12(b)(6) stage, the court must accept as true Jones's factual allegation as to when he received the letter. See Barnett, 414 F. App'x at 786.

[4]While Jones appears to also allege sexual harassment in the EEOC charge dated October 7, 2019, it is unclear whether Jones intends to assert a claim for a hostile work environment based on sexual harassment. (ECF No. 1-1, at 5.) To the extent that Jones seeks to do so, such a claim should also be dismissed as untimely.

v. Nashville Cmty. Care at Bordeaux, No. 3:17-cv-01117, 2018 U.S. Dist. LEXIS 93496, at \*14 (M.D. Tenn. June 4, 2018) (quoting Wright v. Murray Guard, Inc., 455 F.3d 702, 709 (6th Cir. 2006)). In order to maintain a claim of sex-based discrimination, a plaintiff must plausibly allege enduring some form of discrimination based on sex. See Hood v. City of Memphis Pub. Works Div., No. 17-2869, 2018 WL 2387102, at \*3 (W.D. Tenn. Jan. 8, 2018) ("Title VII does not protect against a generally abusive working environment.").

In the EEOC charge dated December 4, 2018, Jones provides general allegations of sex-based "discrimination" and "harassment" without providing any specific factual allegations. (ECF No. 1-1, at 4.) Such vague assertions do not survive a Rule 12(b)(6) motion to dismiss. See Napolitano, 648 F.3d at 369. In the EEOC charge dated December 21, 2018, Jones alleges that he received "a bogus write up for a customer complaint" and that he was forbidden from waiting in the breakroom or his car pending the end of shifts. (ECF No. 1-1, at 3.) In the EEOC charge dated October 7, 2019, Jones alleges that on two occasions, a female supervisor took his photo after he exited the bathroom. (ECF No. 1-1, at 6.) Even assuming *arguendo* that the conduct described above constitutes "adverse action" by ABM, Jones does not plausibly allege that the challenged conduct relates to his membership in a protected class. As stated above, a plaintiff cannot maintain a claim of sex-based discrimination under Title VII without plausibly alleging some

form of discrimination based on sex. See <u>Hood</u>, 2018 WL 2387102, at *3. Accordingly, Jones fails to state a claim for sex-based discrimination under Title VII.[5]

### III. RECOMMENDATION

Based on the foregoing analysis, the court recommends that the motion to dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
_____
TU M. PHAM
Chief United States Magistrate Judge

July 16, 2020
_____
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

[5]To the extent that Jones intends to assert a claim for a hostile work environment based on sexual harassment, such a claim should also be dismissed because Jones does not plausibly allege that he endured any harassment "based on sex." See <u>Smith v. Rock-Tenn Servs.</u>, 813 F.3d 298, 307 (6th Cir. 2016); see also <u>Moorer v. Summit County Dep't of Job & Family Servs.</u>, 2011 U.S. Dist. LEXIS 76083, at *9-10 (N.D. Ohio July 14, 2011). None of the allegations in Jones's EEOC charges or in the complaint, as a whole, plausibly state a claim for a hostile work environment based on sexual harassment. Accordingly, it is recommended that any claim for a hostile work environment based on sexual harassment be dismissed.