**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| LARRY D. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02861-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| AIR SERVICE/ABM, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff sued pro se alleging that Defendant violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). (ECF No. 1.)

Defendant moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) Plaintiff responded. (ECF No. 10; ECF No. 11.) And Defendant replied. (ECF No. 11.)

The Magistrate Court issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant's motion to dismiss. (ECF No. 13.) For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES WITH PREJUDICE** Plaintiff's complaint.

**THE REPORT AND RECOMMENDATION**

**I.    Exhaustion of Remedies**

The Magistrate Court first explained that, "[i]n order to meet the charge-filing requirement of Title VII, 'the claimant must explicitly file the claim in the [Equal Employment Opportunity Commission] [("EEOC")] charge, or the claim must reasonably be expected to grow out of the EEOC charge.'" (*Id.* at PageID 135) (internal quotation omitted).

### A. Discrimination on the Basis of Race Claim

Here, the Magistrate Judge found that Plaintiff "attached three EEOC charges to his complaint," but that "[t]he EEOC charges [Plaintiff] provided contain no reference to race or color discrimination." (*Id.* at PageID 136.) Because claims in this case are different than those he alleged to the EEOC, the Magistrate Judge thus found that Plaintiff "failed to exhaust his administrative remedies for his race and color discrimination claims, and those claims should be dismissed."[1] (*Id.*)

### B. Retaliation Claim

As to Plaintiff's retaliation allegations, the Magistrate Court first stated that "any claims of retaliation based on conduct arising before [Plaintiff] filed his first EEOC charge should be dismissed for failure to exhaust."[2] (*Id.* at PageID 137.)

Under that rule, the Magistrate Court found that Plaintiff's retaliation claim relating to when he "lost wages when ABM removed him from the Special Needs Run on November 30, 2018 . . . occurred before [Plaintiff] filed his first EEOC charge on December 4, 2018." (*Id.* at

---

[1] The Magistrate Judge also found that, because the complaint itself fails to allege any "discrimination based on [Plaintiff's] race or color, the complaint fails to state a claim for race or color discrimination" under Rule 12(b)(6). (ECF No. 13 at PageID 137) (citation omitted).

[2] As the Magistrate Court explained:

> "Retaliation claims are typically excepted from the filing requirement because they usually arise after the EEOC charge is filed." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 489 n.3 (6th Cir. 2010) (citing *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998)). "However, this exception 'does not apply to retaliation claims based on conduct that occurred before the EEOC charge was filed.'" *Id.* (quoting *Abeita*, 159 F.3d at 254).

(ECF No. 13 at PageID 137.)

PageID 138.)  Thus, "it is subject to the charge-filing exhaustion requirement . . . [and] should be dismissed for failure to exhaust." (*Id.*)

What is more, about Plaintiff's retaliation allegations asserted in the EEOC charges, the Magistrate Court found that Plaintiff "has not provided right to sue letters for these charges." (*Id.*)  Because Plaintiff failed to "[']receive and act upon the EEOC's statutory notice of the right to sue,' . . . [the Magistrate Court] recommended that his remaining claims be dismissed." (*Id.*) (quoting *Kyle-Eiland v. Neff*, 408 F. App'x 226, 233 (6th Cir. 2008).

## II.   Untimely Filing

As to Plaintiff's remaining sex discrimination claim, the Magistrate Court explained that, under 42 U.S.C. § 2000e-5(f)(1), "plaintiffs must file their Title VII complaints within ninety days of receiving the EEOC's right to sue letter." (*Id.* at PageID 139) (citations omitted).

Here, the Magistrate Court noted that Plaintiff "alleges in his complaint that he received the EEOC's right to sue letter on September 12, 2019." (*Id.* at PageID 140.)  So Plaintiff had until December 11, 2019, to file his complaint. (*Id.*)  But he waited to do so until December 12, 2019. (*Id.*)  The Magistrate Court thus found that Plaintiff's remaining sex discrimination claim is untimely.[3] (*Id.*) (citing *Lawson v. Teleflex Med.*, No.18-2838-JTF-tmp, 2019 WL 3422105 at *2 (W.D. Tenn. April 22, 2019) ("[E]ven one day's delay is fatal to a claim.").

## III.  Sex Discrimination

Finally, the Magistrate Court found that, even if Plaintiff had timely filed his sex discrimination claim, "the complaint would nevertheless fail to state a claim." (*Id.*)

---

[3] The Magistrate Court noted that, although Plaintiff "appears to also allege sexual harassment in the EEOC charge dated October 7, 2019, it is unclear whether [he also] intends to assert a claim for a hostile work environment based on sexual harassment." (*Id.* at PageID 140) (citing ECF No. 1-1 at PageID 11.)  If Plaintiff seeks to do so, the Magistrate Court found that "such a claim should also be dismissed as untimely." (*Id.*)

For one, Plaintiff "provides general allegations of sex-based 'discrimination' and 'harassment' without providing any specific factual allegations." (*Id.* at PageID 141) (quoting ECF No. 1-1 at PageID 10.)  Plus, the Magistrate Court explained that, even if the conduct described in Plaintiff's complaint constitutes 'adverse action' by [Defendant], [Plaintiff] does not plausibly allege that the challenged conduct relates to his membership in a protected class. (*Id.*) (quoting *Burse v. v. Nashville Cmty. Care at Bordeaux*, No. 3:17-cv-01117, 2018 U.S. Dist. LEXIS 93496, at *14 (M.D. Tenn. June 4, 2018)).

As a result, the Magistrate Judge found that Plaintiff fails to state a claim for sex discrimination under Title VII.  (*Id.* at PageID 142.)

## DISPOSITION

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

Neither party objected to the R&R, and the time for filing objections has expired.  *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety.  The Court **GRANTS** Defendant's motion to dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's complaint.

**SO ORDERED**, this 5th day of August, 2020.

          s/Thomas L. Parker
          THOMAS L. PARKER
          UNITED STATES DISTRICT JUDGE